UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LEON WILLIAMS, JAMES KAIN, MARVEL LOWE and DALLAS DELAY, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:08CV00603 ERW |
| LARRY CRAWFORD, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiffs, who are incarcerated at the Potosi Correctional Center ("PCC"), have filed this pro se civil rights action under 42 U.S.C. §1983, seeking relief for certain claimed violations of federally protected rights. Specifically, plaintiffs' claims arise from their parole hearings. Plaintiffs have paid the $350.00 filing fee. The Court, however, shall dismiss the action "if satisfied that the action is frivolous, malicious, fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). An action is legally "frivolous" within the meaning of § 1915 if it "lacks an arguable basis either in law or fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

**Complaint**

Plaintiffs raise a myriad of arguments in this action brought pursuant to 42 U.S.C. § 1983, most relating to the denials of their requests for parole, which the Court will address in turn. Additionally, plaintiffs assert two denial of access to courts claims, alleging that defendant Dunn, who performs notary services for PCC, refused to call all four plaintiffs out of their cells at the same time and thus, their complaint was not notarized. Plaintiffs also allege that Unknown Mailroom Personnel "lost or stole" their complaint, and as such they had to send another copy, which also resulted in a denial of access to courts. Lastly, plaintiffs allege that several of the governmental defendants "violated their oath of office" and "state law" when they failed to ensure that Larry Crawford was qualified to be the Director of the Missouri Department of Corrections.

The following persons and/or entities are named as defendants in this action: Larry Crawford (Director, Missouri Department of Corrections); Steve Long (Chairman, Missouri Board of Probation and Parole); Don Roper (Superintendent); Eric Dunn (caseworker); Unknown PCC Property Room Personnel; Unknown PCC Mail Room Personnel; Matt Blunt (Governor, State of Missouri); Jay Nixon (Missouri Attorney General); 2005 Session of the Missouri Legislature; Robin

Carnahan (Missouri Secretary of State); and John and/or Jane Does (Surety Bond Providers).

As remuneration for the alleged denials of their civil rights, plaintiffs seek monetary damages and injunctive relief to: (1) declare the Missouri parole statute unconstitutional; (2) modify the parole statute according to plaintiffs' interpretations of the law; (3) order the Department of Corrections and the Missouri Board of Probation and Parole to grant plaintiffs release or new parole hearings; (4) order the Department of Corrections and Missouri Board of Probation and Parole to consider release of plaintiffs under the parole statutes in effect at the time they were charged and/or convicted with their offenses; (5) order the Department of Corrections to modify its practices with respect to use of a notary by inmates; (6) limit the Department of Corrections to the holding of "legal mail" for twelve hours[1] and order them to mail out complaints without them being "lost" or "tampered with"; and (7) order each governmental defendant found to have violated their "oath of office" to refund all salaries paid to them by the State of Missouri.

**Factual Background**

---

[1] The complaint requests that the holding of legal mail be limited to twenty-four hours, but the supplemental complaint requests that it be limited to twelve hours.

On May 29, 1992, plaintiff Leon Williams was convicted of Murder in the Second Degree. Williams was sentenced to a term of life imprisonment on July 2, 1992. In September of 2006, Williams went before the Missouri Board of Probation and Parole ("MBPP") seeking release from his confinement. On October 23, 2006, plaintiff's request for release was denied. The reason for the denial, as outlined by the MBPP was:

> Release at this time would depreciate the seriousness of the present offense based upon the following:
>
> A. Circumstances surrounding present offense.
> B. Use of Excessive Force or Violence.[2]

Williams was informed that he would be scheduled for a reconsideration hearing in September of 2011. The denial states that it is not appealable.

On December 18, 1984, plaintiff James Kain was convicted of Murder in the Second Degree. Kain was sentenced to a term of imprisonment of fifty-five years.[3] Plaintiff alleges that he has sought release from the MBPP at least six times and been denied release at each hearing. Plaintiff claims that each denial was premised

---

[2]Included as exhibits to the complaint were the denials of the most recent requests for parole for plaintiffs Williams, Delay and Lowe. Pursuant to Federal Rule of Civil Procedure 10, these documents will be construed as part of plaintiffs' pleading.

[3]The complaint does not include the dates upon which plaintiffs Kain, Lowe and Delay were sentenced.

on the same "due to the seriousness of the offense" language set forth in the other plaintiffs' denials. Kain claims that the most recent denial stated:

> Release at this time would depreciate the seriousness of the present offense based upon the following:
>
> A. Circumstances surrounding present offense.
> B. A weapon was used to commit the present offense.

Kain claims that he was told that the decision of the MBPP was not subject to appeal.

On May 31, 1995, plaintiff Marvel Lowe plead guilty to Murder in the Second Degree, Armed Criminal Action, Kidnapping and Robbery. Lowe was sentenced to a term of life imprisonment. In January of 2007, plaintiff Lowe went before the MBPP seeking release from his confinement. On February 6, 2007, plaintiff's request for release was denied. The reason for the denial, as outlined by the MBPP was:

> Release at this time would depreciate the seriousness of the present offense based on:
>
> A. Circumstances surrounding the present offense.

Lowe was informed that he would be scheduled for a reconsideration hearing in January of 2012. The denial states that it is not appealable.

On April 27, 1973, plaintiff Dallas Delay plead guilty to three Murders in the First Degree. Delay was sentenced to three life sentences. In October of 2003, plaintiff Delay went before the MBPP seeking release from his confinement. On February 25, 2004, plaintiff's request for release was denied. The reason for the denial, as outlined by the MBPP was:

> Release at this time would depreciate the seriousness of the present offense based on:
>
> A. Circumstances surrounding the present offense.

Delay was informed that he would be scheduled for a reconsideration hearing in October of 2006.[4] The denial states that it is not appealable.

## Discussion

At the outset, the Court notes that plaintiffs have filed a motion for class certification of the instant action. Plaintiffs, who are incarcerated and representing themselves pro se, may not maintain a class action before this Court. Under Rule 23(a)(4), a class representative must "fairly and adequately protect the interests of the class." A litigant may bring his own claims to federal court without counsel, but not the claims of others. See 28 U.S.C. § 1654; see also 7A Wright, Miller & Kane,

---

[4]There is no indication in the record whether plaintiff Delay actually went before the MBPP again in October of 2006. Plaintiff states in his complaint that his last parole hearing occurred in February of 2004 and it is the denial relating to this parole hearing that is presently before the Court.

Federal Practice and Procedure: Civil 3d § 1769.1 ("class representatives cannot appear pro se.").

Moreover, a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir.1995); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). Heck, therefore, precludes a § 1983 action which would impliedly invalidate a denial of parole as challenge to duration of confinement. Schafer, 46 F.3d at 45. Plaintiffs have not alleged that any of the decisions regarding their parole status have been reversed, expunged, set aside or called into question. As a result, plaintiffs may not recover damages or declaratory relief on claims challenging the duration of their confinement. This is not dispositive to this action, however, because plaintiffs seek future injunctive relief as well as damages.[5]

---

[5] As set forth above, plaintiffs have requested a myriad of injunctive relief. Some of plaintiffs' requests for injunctive relief are intertwined with challenges to the duration of their confinement, thus, they can only proceed with these claims by asserting them in an action for habeas corpus and by first exhausting their state court remedies.  See, e.g., Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) (state prisoners may use only habeas remedies when they seek to invalidate duration of confinement, either directly through injunction compelling speedier release or indirectly through

A.  **Plaintiffs' Claims of Denial of Access to Courts**

Plaintiffs allege in a conclusory fashion that their inability to have their complaint notarized by defendant Dunn impeded their access to the courts. Plaintiffs also assert that their right of access to courts was violated when they delivered their complaint to the mailroom but it wasn't sent out right away and they were later told it was "lost or stolen." Plaintiffs have failed, however, to identify any prejudice they sustained as a result of the failure to have their complaint notarized and/or mailed in an expedited fashion. "To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996). Plaintiffs' claims are therefore legally frivolous and the claims

---

judicial determination that necessarily implies unlawfulness of state's custody); Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973) (challenge to fact or duration of confinement must be through habeas corpus); Offet v. Solem, 823 F.2d 1256, 1257 (8th Cir.1987) (§ 2254, which requires exhaustion of state remedies, appropriate vehicle for state prisoners challenging length of confinement). Plaintiff Delay's claim that the MBPP violated his due process rights and the prohibition on ex post facto laws when it applied the new parole statute to him in his most recent parole hearing is just one example of the type of claim that must be brought in habeas corpus, as if upheld, it could entitle plaintiff Delay to a speedier release. See, e.g., Smith v. Holden, 2005 WL 1703130 (W.D. Mo. July 14, 2005). That said, due to the circumstances as outlined *supra*, the Court will address plaintiff Delay's contentions on the merits.

against defendant Dunn and Unknown PCC Mailroom Personnel are subject to dismissal.

**B.     Plaintiffs' Claims that they Were Denied Due Process Before the MBPP**

Plaintiffs claim that the MBPP's failure to inform them of how they fell short of being granted release is a denial of due process in violation of the 14th Amendment. Specifically, plaintiffs allege that the language in the denials based on "seriousness of the offense" and "circumstances surrounding present offense" are unlawful. Plaintiffs additionally claim that because each of the denials stated that they had no right to appeal, they were denied due process.

The procedures that a state parole board employs to make parole decisions are generally not required to comport with constitutional standards of fundamental fairness, "[u]nless there is a liberty interest in parole...." O'Kelley v. Snow, 53 F.3d 319, 321 (11th Cir.1995) citing Slocum v. Georgia State Bd. of Pardons and Paroles, 678 F.2d 940, 942 (11th Cir.1982); see also Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir.1997) ("It is ... axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds."). The Supreme Court held in Greenholtz v. Inmates of Nebraska Penal

and Correctional Complex, 442 U.S. 1, 9-11 (1979), that an inmate does not have a constitutionally protected liberty interest in the possibility of parole. Only if a state statute creates a liberty interest in parole does a prisoner have an actionable claim for denial of parole in violation of due process. Id. at 12; see also State ex rel. Cavallaro v. Groose, 908 S.W.2d 133, 134 (Mo. 1995); Delay v. Missouri Bd. of Probation and Parole, 174 S.W.3d 662, 665 (Mo. Ct. App. 2005). The Eighth Circuit and Missouri state courts have held that Missouri parole statutes create no liberty interest in parole or in the parole board's discretionary decisions. Cavallaro, 908 S.W.2d at 134; Adams v. Agniel, 405 F.3d 643, 645 (8th Cir. 2005). Therefore, plaintiffs' challenges to the due process they received in their parole hearings fail to state a claim for relief under 42 U.S.C. § 1983.

Even if plaintiffs did have a liberty interest in the application of parole, the language used to deny each of the current plaintiffs' requests for parole has been found to satisfy the requirements of due process where the MBPP's rationale was apparent under the circumstances. See, e.g., Cavallaro, 908 S.W.2d at 136; Cooper v. Mo. Bd. Of Prob. and Parole, 866 S.W.2d 135, 138 (Mo. 1993);Walker v. Prisoner Review Board, 694 F.2d 499, 502 (7th Cir. 1982). Moreover, plaintiffs' assertions that they were denied due process to appeal the parole board's decision based on the notification on the denial that the decision was not appealable is not

enough to sustain a due process claim. Plaintiffs have not claimed that they tried to appeal the decision but were denied the opportunity to do so. Nor could they. The parole regulations in effect at the time of the denials specifically allowed for appeal from the denials. See, e.g., Mo. Code Regs. Ann. tit. 14 § 80-2010(10) (2002). Furthermore, prisoners may challenge the denial of parole through three other state avenues: (1) by bringing a declaratory action against the MBPP; (2) through a state habeas petition; or (3) by filing a petition for writ of mandamus. See, e.g., Wayne v. Missouri Bd. of Prob. and Parole, 83 F.3d 994, 966 (8th Cir. 1996); Mo. Sup.Ct.R. 87.02(c), 91.01, and 94.03; Epperson v. Missouri Bd. of Prob. and Parole, 81 S.W.3d 540, 546 (Mo. Ct. App. 2002); State ex rel. Shields v. Purkett, 878 S.W.2d 42, 45-47 (Mo. 1994); Williams v. Gammon, 912 S.W.2d 80, 83 (Mo. Ct. App. 1995).[6]

## C. Plaintiff Delay's Claims that Application of New Parole Procedures Violates His Due Process Rights and the Ex Post Facto Clause

Plaintiff Delay contends that the MBPP violated his due process rights and the prohibition on ex post facto laws when it applied the new parole statute to him in

---

[6]To the extent that plaintiffs are also trying to assert that they were constrained from appealing the denials in violation of the ex post facto clause, this argument also fails as plaintiffs have not identified any law that the MBPP may be applying to deny them an appeal. See Nolan v. Thompson, 521 F.3d 983, 989 (8th Cir. 2008).

his most recent parole hearing, rather than the parole statute in effect during his conviction in 1973.[7] Delay made these same arguments in a petition for writ of mandamus he filed in the Missouri Circuit Court in 2005.[8] After his petition was denied by the circuit court, Delay appealed the matter to the Missouri Court of Appeals. The Court of Appeals affirmed the denial of the petition, following the Missouri Supreme Court's reasoning espoused in Cavallaro, wherein the court rejected the argument that the former parole statute, in effect at the time of the offense, must control all subsequent parole hearings. 908 S.W. 2d at 135. In

---

[7]The parole statute in effect at the time plaintiff committed his offenses was Mo.Rev.Stat. § 549.261. This statute was interpreted as giving prisoners an unconditional right to parole once it was determined that the prisoner was not a danger to himself or the community, the then statutory prerequisite to parole. Mo.Rev.Stat. § 549.261; Wheat v. Missouri Bd. of Prob. and Parole, 932 S.W.2d 835, 837 (Mo. Ct. App.1996). Given the statutory language, inmates were said to have had a liberty interest in parole. See, e.g., Nolan v. Thompson, 2007 WL 148815, *3-4 (W.D. Mo. January 16, 2007). In 1982 the Missouri Legislature repealed § 549.261 and enacted Mo.Rev.Stat. § 217.690. Section 217.690 provided that the MBPP still determine whether a prisoner could be released without detriment to the community or himself; however, it stated that even if this condition was met, parole was not mandatory, but rather a discretionary decision by the Board. Wheat, 932 S.W.2d at 837. Thus, the Missouri Legislature denounced any liberty interest in parole from thereon.

[8]Plaintiff Delay also made these same arguments before this Court in a previous habeas corpus action. See Delay v. Roper, No. 4:05CV2312 ERW, 2006 WL 62839 (E.D. Mo. January 11, 2006). As noted above, although this argument should be brought in an action for habeas corpus, given the Court's previous ruling on this matter, the Court will repeat its reasoning here.

rejecting the assertion that there is a continued due process right to parole hearings governed under the former statute, the Missouri Supreme Court stated:

> the legislature that creates a statutory entitlement [ ] is not precluded from altering or terminating the entitlement by a later enactment. Accordingly, as regards due process, any continuing liberty interest in the use of the old parole statute was extinguished by the enactment of the new law.

Id. at 136; see also, Nolan, 521 F.3d at 989.

Plaintiff Delay's ex post facto argument has also been twice rejected. " Ex post facto laws are laws which are retrospective and which disadvantage the affected offender by altering the definition of criminal conduct or increasing the punishment for the crime Lynce v. Mathis, 519 U.S. 433, 441(1997). As previously noted by this Court, the majority of federal circuits have held that parole guidelines are not laws for purposes of the ex post facto clause. Wallace v. Christensen, 802 F.2d 1539, 1553 (9th Cir. 1986) (collecting cases); see also, Bailey v. Gardebring, 940 F.2d 1150 (8th Cir. 1991).

Moreover, even assuming that parole guidelines could be construed as "laws" for the purposes of the ex post facto clause, in order to violate the prohibition against ex post facto laws in this context, Delay must show that the new statute increased his punishment for his crime or changed the definition of his crime.

Wheat, 932 S.W.2d at 839; Cavallaro, 908 S.W.2d at 136; Lupien v. Clarke, 403 F.3d 615, 618-19 (8th Cir. 2005).

As stated above, plaintiffs have no liberty interest in being paroled. Thus, plaintiff Delay's punishment has not changed, and no greater punishment is inflicted than was originally annexed to the crime, when committed. See id. Moreover, in this case, the MBPP denied Delay's parole release based on the seriousness of the offense. This is a valid reason to deny parole under either the old or the new parole statute, Epperson, 81 S.W.3d at 544. Delay makes no argument that the new parole statute altered the definition of his crime or increased his punishment. In essence, he is claiming that it is more difficult for him to achieve parole under the new statute than it was under the former statute. Under these circumstances, plaintiff has not alleged a violation of the ex post facto prohibition. See Cavallaro, 908 S.W.2d at 136.

## D. **Plaintiff Williams' and Lowe's Claims That the MBPP Treated Them Unlawfully as Dangerous or Persistent Offenders**

Plaintiffs Williams and Lowe claim that the MBPP "brought about a retrospective prohibition enhancement...when plaintiffs received a (5) year reconsideration hearing date...which was received for dangerous and persistent offenders." Plaintiffs assert that the DOC and/or the MBPP has "no standing or

authority to convict plaintiffs or overrule the judicial system which did not charge plaintiffs as prior, persistent or class X offenders." Plaintiff Williams also asserts that the MBPP's denial of his release based on the reasoning of "use of excessive force or violence" is unlawful because he was never charged or convicted of Murder in the First Degree or Armed Criminal Action.

As noted previously, an inmate does not have a constitutionally protected interest in the possibility of parole. Thus, plaintiffs' arguments that they are being unlawfully treated as dangerous and/or persistent offenders by the parole board fails to state a claim under 42 U.S.C. § 1983.

Additionally, the Court notes that plaintiffs have misconstrued the parole regulations and their application to the their admitted offenses and/or convictions. Under the regulations, if an inmate is classified by the MBPP as a dangerous **OR** persistent offender, the parole hearings should be conducted every five years. Under Missouri law, a "dangerous offender" is one who has been "sentenced for a felony during the commission of which he knowingly murdered or endangered or threatened the life of another person or knowingly inflicted or attempted or threatened to inflict serious physical injury on another person or who has pleaded guilty to or has been found guilty of a class A or B felony or dangerous felony." Mo. Rev. Stat. § 558.016. Plaintiffs Williams and Lowe were both convicted of

Murder in the Second Degree, and plaintiff Lowe was also convicted of Armed Criminal Action, Kidnapping and Robbery. Accordingly, it is clear that they can be construed as "dangerous offenders" under Missouri law. Thus, the application of this particular regulation to plaintiffs is not a violation of due process.

E. **Claims Against Defendants Crawford, Long, Roper, Blunt, Carnahan, Nixon, and the 2005 Session of the Missouri Legislature**

Although plaintiffs name Crawford, Long, Roper, Blunt, Carnahan, Nixon and the 2005 Session of the Missouri Legislature as defendants in this action, they have not described in their complaint any actions by these defendants that may have individually deprived plaintiffs of a federally protected right. Rather, plaintiffs make the curious assertion that defendants Roper, Blunt, Carnahan and Nixon, as well as the Missouri Legislature, should all be held liable because defendant Crawford is "not qualified" to act as the Director of the Missouri Department of Corrections. Plaintiffs make this statement regarding defendant Crawford's qualifications without specifying exactly how they believe defendant Crawford to be "unqualified" and/or how this effects them.[9] If plaintiffs are contending that these defendants were

---

[9] The only assertion close to a "claim" made against defendant Crawford is that he fails to properly respond to grievances. Inmates do not have a constitutionally protected right to the prison grievance process. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir.1991); see also, Burnside v. Moser,138 Fed.Appx. 414 (3rd Cir. 2005). And, "a state grievance procedure does not confer any substantive constitutional right upon prison inmates." Hoover v. Watson, 886 F.Supp. 410, 418

-16-

involved in a denial of a constitutional or federally protected right only by their overall responsibility for operating the Missouri Government (especially the MBPP and/or the DOC), they are attempting to state a claim against them under a theory of respondeat superior, which is not an actionable claim under § 1983. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). Accordingly, these claims will be dismissed as frivolous. To the extent that plaintiffs are attempting to allege some sort of state law tort claim, the Court declines to exercise jurisdiction over this state law claim, as set forth below.

### F. Claims Against Unknown Property Room Personnel, and John and Jane Doe Surety Bond Providers

In general, fictitious parties may not be named as defendants in a civil action. Phelps v. United States, 15 F.3d 735, 739 (8th Cir.1994). An action may proceed against a party whose name is unknown, however, if the complaint makes

---

(D.Del.1995), aff'd 74 F.3d 1226 (3rd Cir.1995). Therefore, "the denial of grievances, in and of itself, cannot support a substantive constitutional claim." Walls v. Highsmith, 2007 WL 4468694 at *2 (E.D.Mo. Dec.17, 2007) citing Lomholt v. Holder, 287 F.3d 683, 684 (8th Cir.2002).

sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir.1985). The instant complaint does not make any allegations against Unknown Property Room Personnel or against John and/or Jane Doe Surety Providers, let alone allegations sufficient to permit the identity of these fictitious parties. As a result, plaintiff's claims against these defendants will be dismissed without prejudice.

G. **Pendent State Law Claims**

Although it is not entirely clear, plaintiffs appear to be alleging claims based on violations of state law, statutes, regulations, rules and the Missouri Constitution. To the extent that plaintiffs are attempting to do so, this Court will decline to exercise supplemental jurisdiction over these state law claims, and they will be dismissed without prejudice. 28 U.S.C. § 1367(c)(3).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b).

**IT IS FURTHER ORDERED** that to the extent plaintiffs have plead state law claims, they are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiffs' motions for class certification [Doc. #2] and for appointment of process server [Doc. #4] are **DENIED**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 25th Day of July, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE